**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
ALEXANDRIA DIVISION

|  |  |  |
|---|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION<br>4201 Wilson Boulevard, Suite 1000<br>Arlington, VA 22203,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR<br>1849 C Street, N.W.<br>Washington, D.C. 20240,<br><br>*Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 24-0709 |

**COMPLAINT**

1.      Plaintiff Americans for Prosperity Foundation ("AFPF") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requesting access to agency records maintained by Defendant United States Department of the Interior ("Interior") and its components.

2.      AFPF seeks records concerning the federal government's decision to shut down oil and gas development across thirteen million acres of land within Alaska's National Petroleum Reserve ("NPR-A").  The Administration's decision to prevent such development arguably runs afoul of both the letter and spirit of the Naval Petroleum Reserves Production Act, which created the NPR-A to facilitate commercial development of America's crude oil and natural gas reserves.

3.      To date, Interior and its components have neither issued timely final determinations on AFPF's FOIA requests nor produced responsive records.

4.       The records at issue have significant value that serves the public interest.  The current Administration's decision to prohibit oil and gas development across broad swathes of the

NPR-A will have tremendous legal consequences.  It also implicates important policy questions surrounding domestic energy independence and mineral security.  And it will inevitably have negative economic consequences for countless citizens of Alaska, including Alaska Natives.

## JURISDICTION AND VENUE

5. Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B) because Plaintiff AFPF maintains its principal place of business within the Eastern District of Virginia, as defined by 28 U.S.C. § 127(a).

7. This suit is properly instituted in the Alexandria Division, as required by Local Civil Rule 3(C), because Plaintiff AFPF maintains its principal place of business within the County of Arlington.  *See* Local Civ. R. 3(B)(1).

## PARTIES

8. Plaintiff AFPF is a 501(c)(3) nonprofit organization committed to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and open society.  AFPF routinely files and litigates FOIA requests.  It relies on the legal, investigative, and editorial expertise of its staff to review the results of its requests and to produce distinct news and educational materials that are distributed to the interested public.

9. Defendant Interior is an agency within the meaning of 5 U.S.C. § 552(f)(1).  Its components include, *inter alia*, the Office of the Secretary and the Bureau of Land Management.  Interior and its components have possession, custody, and control of the records to which AFPF seeks access and that are the subject of this Complaint.

## FACTS

### I.   Interior's National Petroleum Reserve in Alaska Rule

10.     In early September 2023, Interior's Bureau of Land Management ("BLM") published a proposed rule—popularly known as the National Petroleum Reserve in Alaska Rule—that sought to revise the management framework for surface resources throughout the NPR-A. *See generally* Management & Protection of the National Petroleum Reserve in Alaska, 88 Fed. Reg. 62,025 (Sept. 8, 2023) (to be codified at 43 C.F.R. pt. 2360).

11.     These proposed revisions, in relevant part, would not only remove thirteen million acres of land classified as "Special Areas" from future oil and gas development, but also prohibit new leasing across another nearly eleven million acres, or over forty percent of the NPR-A.

12.     On April 19, 2024, BLM announced it had finalized the proposed rule with only minor modifications. *See* Management and Protection of the National Petroleum Reserve in Alaska (RIN 1004-AE95) (to be codified at 43 C.F.R. pt. 2360), *available at* https://www.blm.gov/sites/default/files/docs/2024-04/BLM-NPR-A-Final-Rule-1004-AE95.pdf. As of the date of this Complaint, however, the rule had not been published in the *Federal Register*.

### II.   AFPF's October 31, 2023 FOIA Request to Interior's Office of the Secretary

13.     By letter, dated October 31, 2023, AFPF submitted a FOIA request to Interior's Office of the Secretary seeking access to two categories of records:

1.  All internal and external communications (e-mail, text, instant messaging, etc.) sent to or by the following Interior employees, including through any alias accounts:
    1.  Deb Haaland, Secretary
    2.  Tommy Beaudreau, Deputy Secretary
    3.  Robert "Bob" Anderson, Solicitor
    4.  Laura Daniel-Davis, Principal Deputy Assistant Secretary – Land and Minerals Management
    5.  Joan Mooney, Principal Deputy Assistant Secretary for Policy
    6.  Bryan Newland, Assistant Secretary for Indian Affairs
    7.  Michael Brain, Principal Deputy Assistant Secretary

8.   Shannon A. Estenoz, Assistant Secretary for Fish and Wildlife and Parks

9.   James Techenor, Advisor, Office of the Director

[. . .]

2.   All calendars or calendar entries for the individuals **listed in item 1**, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant).  [AFPF] request[s] that the calendars be produced in a format that includes all invitees, any notes, and all attachments.

**Exhibit 1**.

14.      With respect to Item One, AFPF requested the Office of the Secretary to limit its search and processing of records for the identified custodians to those records containing any of the following sets of keywords:

A.   ("National Petroleum Reserve" OR "NPR-A") AND ("Biden" OR "POTUS" OR "White House" OR "Kerry")[; or]

B.   ("NPR-A" OR "National Petroleum Reserve") AND ("Stewart Lee Udall Building" OR "Yates Auditorium" OR "October 17" OR "informational session")[.]

*Id.*

15.      AFPF identified the relevant time period for all items of its request as "August[] 1, 2023, to the present."  *Id.*

16.      AFPF requested a public-interest fee waiver and classification as a representative of the news media for fee purposes.  *See id.*

17.      By letter, dated November 8, 2023, Interior acknowledged it had received AFPF's FOIA request on November 2, 2023, and assigned it tracking number DOI-OS-2024-000047.  *See* **Exhibit 2**.

18.      With respect to three custodians identified in Item One—*viz.*, Robert Anderson, Bryan Newland, and James Techenor—Interior explained that AFPF would need to submit separate FOIA requests to different component offices to obtain their records.  *See id.*

19.     Interior granted AFPF's request for classification as a representative of the news media for fee purposes.  *See id.*

20.     Interior did not issue a determination on AFPF's request for a public-interest fee waiver because the agency did "not anticipate there will be billable fees for processing [AFPF's] request[.]"  *Id.*

21.     Interior placed AFPF's FOIA request into the "Complex" processing track.  *See id.*

22.     Interior invoked "unusual circumstances" and extended its deadline to provide a determination on AFPF's FOIA request by ten working days.  *See id.*

23.     Interior failed to provide an estimated date of completion for its processing of AFPF's FOIA request.

24.     Interior has not provided any further update on the processing of AFPF's FOIA request.  It has neither issued a final determination nor produced any responsive records.

25.     Under its statutorily extended deadline, *see supra* ¶ 22, Interior was required to provide a determination on AFPF's FOIA request by December 20, 2023.  It has not done so.

**III.     AFPF's October 31, 2023 FOIA Request to Interior's Bureau of Land Management**

26.     By letter, dated October 31, 2023, AFPF submitted a FOIA request to BLM seeking access to two categories of records:

1.  All internal and external communications (e-mail, text, instant messaging, etc.) sent to or by the following Interior employees, including through any alias accounts:
    1.  Director Tracy Stone-Manning
    2.  Principal Deputy Director Nada Wolff Culver
    3.  Deputy Director Michael D. Need
    4.  Assistant Director of Communications Jeff Krauss
    5.  Acting Assistant Director for Energy, Minerals, and Realty Management Ben Gruber
    6.  Alaska State Director Steve Cohn

[. . .]

2. All calendars or calendar entries for the individuals **listed in item 1**, including any calendars maintained on behalf of these individuals (e.g., by an administrative assistant). [AFPF] request[s] that the calendars be produced in a format that includes all invitees, any notes, and all attachments.

**Exhibit 3**.

27. With respect to Item One, AFPF requested BLM to limit its search and processing of records for the identified custodians to those records containing any of the following sets of keywords:

A. ("National Petroleum Reserve" OR "NPR-A") AND ("Biden" OR "POTUS" OR "White House" OR "Kerry" OR "S1")[; or]

B. ("NPR-A" OR "National Petroleum Reserve") AND ("Stewart Lee Udall Building" OR "Yates Auditorium" OR "October 17" OR "informational session")[.]

*Id.*

28. AFPF identified the relevant time period for all items of its request as "August 1, 2023, to the present." *Id.*

29. AFPF requested a public-interest fee waiver and classification as a representative of the news media for fee purposes. *See id.*

30. By email, dated November 2, 2023, Interior acknowledged it had received the BLM request and assigned it tracking number DOI-BLM-2024-00011. *See* **Exhibits 4 & 5**.

31. By email, dated February 13, 2024, Interior informed AFPF that it had changed the tracking number for the BLM request to DOI-BLM-2024-000374. *See* **Exhibit 6.**

32. By email, dated April 22, 2024, Interior provided AFPF with a message that purported to acknowledge receipt of the BLM request on October 31, 2023 and indicated the correct tracking number was "2024-000127." *See* **Exhibit 7**.

33. That same email explained the BLM request was assigned to the agency's "Complex" processing track. *See id.*

6

34.     Interior granted AFPF's request to be categorized as a representative of the news media but failed to grant or deny AFPF's public-interest fee waiver request.  *See id.*

35.     Interior has never issued a formal acknowledgment letter—aside from the aforementioned email messages.

36.     Interior has never extended its response deadline for the BLM request due to "unusual circumstances."

37.     Interior has not provided any further update on the processing of the BLM request. It has neither issued a final determination nor produced any responsive records.

38.     Interior was required to provide a determination on the BLM request, at the latest, by December 6, 2023.  Assuming the agency had properly extended its deadline, its determination would have been due, at the latest, by December 20, 2023.

<u>COUNT I</u>
**<u>Violation of the FOIA: Failure to Comply with Statutory Requirements</u>**

39.     AFPF repeats all of the above paragraphs.

40.     The FOIA requires an agency to accept and process any request for access to agency records that (a) "reasonably describes such records," and (b) "is made in accordance with published rules stating the time, place, fees, . . . and procedures to be followed[.]"  5 U.S.C. § 552(a)(3)(A).

41.     The FOIA also requires an agency to respond to a valid request within 20 business days or, in "unusual circumstances," within 30 business days. *Id.* § 552(a)(6)(A)–(B).  If an agency requires additional time to process a request, the FOIA mandates the agency provide a requester with the "opportunity to arrange . . . an alternative time frame for processing the request[.]"  *Id.* § 552(a)(6)(B)(ii).

42.     The FOIA requests at issue seek access to agency records maintained by Interior and its components.  Those requests reasonably describe the records sought and otherwise comply with the FOIA and applicable agency regulations.

43.     Interior and its components have failed to issue final determinations on AFPF's FOIA requests within applicable time limits or to promptly produce responsive agency records.

44.     Interior and its components have also failed to comply with the FOIA insofar as they never "arrange[d] . . . alternative time frame[s]" for responding to AFPF's requests and never provided AFPF with estimated dates of completion.

45.     AFPF has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C).

### RELIEF REQUESTED

WHEREFORE, Plaintiff AFPF respectfully requests and prays that this Court:

a.     Order Defendant Interior to process AFPF's FOIA requests and to issue final determinations within 20 business days of the date of the Order;

b.     Order Interior to produce all records responsive to AFPF's FOIA requests promptly upon issuing final determinations;

c.     Maintain jurisdiction over this case until Interior complies with the Order and, if applicable, adequately justifies its treatment of all responsive records;

d.     Award AFPF its costs and reasonable attorney fees incurred here pursuant to 5 U.S.C. § 552(a)(4)(E); and

e.     Grant such other relief as the Court may deem just and proper.

Dated: April 30, 2024                    Respectfully submitted,

                                         */s/ Ryan P. Mulvey*
                                         Ryan P. Mulvey
                                         Virginia State Bar ID No. 95206

                                         AMERICANS FOR PROSPERITY FOUNDATION
                                         4201 Wilson Boulevard, Suite 1000
                                         Arlington, VA 22203
                                         Telephone: (571) 444-2841
                                         rmulvey@afphq.org

                                         *Counsel for Plaintiff AFPF*